LULA HUFF, ET AL., *v.* HENRY DEHAVEN, ET AL.

**Conveyance of Real Estate—Mental Capacity—Undue Influence.**

A father having mental capacity and where no undue influence is used upon him may legally convey the major portion of his real estate to one child to the exclusion of the other children.

**Executor De Son Tort.**

An executor de son tort is liable to the rightful representative of a decedent and not to the heirs or distributees. The claims of the heirs are postponed to the rights of creditors.

APPEAL FROM BRECKENRIDGE CIRCUIT COURT.

March 17, 1876.

OPINION BY JUDGE PRYOR:

The proof in the case conduces to show that the appellee, Henry Dehaven, had labored upon the farm of his father for many years; that he was industrious and economical in his habits; and there is nothing unreasonable in his having accumulated a few thousand dollars during a period of twenty or thirty years. He was entitled by contract with his father to an interest in the annual profits of the farm, and having devoted his whole life to the accumulation of means for his father as well as himself, the fact that the latter conveyed to the son his homestead fails of itself to establish either a want of capacity on the part of the father to make the conveyance, or the undue influence of the son in procuring it.

The old man in 1868 had then on hand in money, notes and government bonds as much as eight thousand dollars that he then distributed between his children and grandchildren. He executed to his son a bond for title to the land long before the deed was executed. The bond was in his (the father's) handwriting, and the execution of the deed was but carrying out his intentions evidenced by his own written signature and by his declarations made prior to as well as long after its execution. Isaac Dehaven seems to have been a man of more than ordinary brains and qualifications, and up to his death retained his mental vigor sufficiently at least to enable him to fully comprehend the nature and character of his estate and to dispose of it understandingly. In fact, there is but slight evidence tending to show that his mind was at all impaired, and none evidencing the exercise of any undue influence over him by his son. The evidence of some of the heirs who are contesting the appellees' right to the land show the character of services the son rendered the father and the obligation resting upon the latter to give to this son more than the other children. The court below acted properly in dismissing appellants' petition.

As to the personal estate it is unnecessary in the present case to determine whether the appellee has fully accounted for it or not. A delimitation of that question would not preclude the administrator

of Isaac Dehaven from instituting an action to recover the personalty or its value. Only two years had elapsed from his death to the institution of the present action, and the heirs have no cause of action against the appellees to make them account for the personal estate (if any) wrongfully disposed of and that belonged to the father.

The fact that the appellees allege there are no debts against the estate cannot alter the rule. An executor de son tort is liable to the rightful representative, and not to the heirs or distributees. The claims of the heirs are postponed to the rights of creditors, and if one heir can so dispose of the personal estate of the executor, or having it in possession fails to account, he is liable to an action by the other heirs for its amount, and compelled to distribute. The claims of creditors would be in effect disregarded, and the heirs allowed to consume or dispose of the whole estate without regard to his rights. If the chancellor will compel the heir to distribute in such a case, he will be allowed to distribute without the aid of the chancellor, and no administration made necessary. The heirs or some of them have the right to administer, and this is the only legal or equitable step to be taken in order to have a suit for a settlement, that the chancellor may determine who is entitled to the fund. *Vance's Adm'r v. Vance's Heirs,* 5 B. Mon. 521. Judgment below is *affirmed.* Judge Cofer not sitting.

*Kinchloe & Eskridge, for appellants.*
*Williams & Brown, for appellees.*